[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11102
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 3, 2012
JOHN LEY
CLERK

D. C. Docket No. 9:09-cv-81616-WPD

BRETT STRONG,

                                        Plaintiff-Appellant,

                versus

KIMC INVESTMENTS, INC., a Delaware Corporation,
d.b.a. MedVance Institute,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 3, 2012)

Before CARNES, BARKETT and BLACK, Circuit Judges.

PER CURIAM:

Brett Strong brought a claim of retaliatory discharge against KIMC Investments, Inc. (KIMC), pursuant to the False Claims Act (FCA), 31 U.S.C. § 3730(h). The district court granted KIMC's motion to dismiss Strong's Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim under which relief could be granted, concluding Strong had failed to sufficiently allege that (1) KIMC made a false claim against the government or (2) KIMC feared being reported to the government or sued in a *qui tam* action by Strong. Strong appeals, alleging that he adequately alleged a claim under § 3730(h).

"We review de novo the district court's grant of a motion to dismiss under [Rule] 12(b)(6) for failure to state a claim, accepting the factual allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006). To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere

2

conclusory statements, do not suffice." *Id.* If a court can only infer "the mere possibility of misconduct" from the complaint, the plaintiff has not shown an entitlement to relief. *Id.* at 679.

After reviewing the record and the parties' briefs, and having had the benefit of oral argument, we agree with the district court that the allegations in Strong's Second Amended Complaint are insufficient to state a claim of retaliation under the FCA by KIMC. Thus, we affirm the district court.

**AFFIRMED.**